2026 IL App (4th) 251186-U

NO. 4-25-1186

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

FILED
March 26, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* K.A., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Logan County |
|     Petitioner-Appellee, | ) | No. 23JA17 |
|        v. | ) | |
| Dennis A., | ) | Honorable |
|     Respondent-Appellant). | ) | Jonathan C. Wright, |
| | ) | Judge Presiding. |

---

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Knecht and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed the trial court's judgment terminating respondent's parental rights.

¶ 2    Respondent, Dennis A., appeals the trial court's order terminating his parental rights to his child, K.A. (born in December 2014). (K.A.'s mother voluntarily surrendered her parental rights and is not a party to this appeal.) Respondent argues the court's determination he was unfit based on his repeated incarceration was against the manifest weight of the evidence. He does not challenge the court's best-interest finding. For the reasons that follow, we affirm.

¶ 3    I. BACKGROUND

¶ 4    In April 2023, the State filed a petition for adjudication of wardship of K.A., alleging that the minor was neglected pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-3(1)(b) (West 2022)) due to being in an environment

injurious to her welfare. The State alleged K.A. had not been adequately protected where (1) respondent was a suspect in a sexual abuse investigation by the Illinois Department of Children and Family Services (DCFS) and (2) respondent had contact with K.A. in violation of a safety plan implemented by DCFS. Following a hearing, the trial court entered an order placing temporary custody of the minor with DCFS.

¶ 5   In October 2023, the trial court adjudicated K.A. neglected. The court entered a dispositional order finding respondent unfit to care for the minor, making the minor a ward of the court, and granting guardianship and custody to DCFS.

¶ 6   In March 2025, the State filed a petition to terminate respondent's parental rights as to K.A. The petition alleged respondent was unfit on several grounds. Specifically, the State alleged respondent was unfit due to his (1) extreme or repeated cruelty (750 ILCS 50/1(D)(e) (West 2024)); (2) depravity (*id.* § 1(D)(i)); (3) failure to make reasonable efforts to correct conditions that caused the minor to come into care (*id.* § 1(D)(m)(i)); (4) failure to make reasonable progress toward the return of the minor (*id.* § 1(D)(m)(ii); and (5) repeated incarceration (*id.* § 1(D)(s)). The State ultimately proceeded on two allegations: (1) respondent was depraved (*id.* § 1(D)(i)) and (2) respondent had been repeatedly incarcerated as a result of criminal convictions and his repeated incarceration prevented him from discharging parental responsibilities (*id.* § 1(D)(s)).

¶ 7                                    A. Fitness Hearing

¶ 8   On September 4, 2025, the trial court held respondent's fitness hearing. The court admitted two exhibits into evidence: (1) respondent's sentencing order committing him to the Illinois Department of Corrections (DOC) for 40 years for his December 2018 conviction for predatory criminal sexual assault of a child and (2) the inmate status record showing respondent

was in custody of DOC with a projected parole date of October 15, 2057. No testimony was presented at the hearing. Following arguments from counsel, the court found respondent unfit by clear and convincing evidence on the grounds that (1) respondent was depraved based upon his sexual assault conviction and (2) respondent's incarceration prevented him from fulfilling his parental duties.

¶ 9                                   B. Best-Interest Hearing

¶ 10          On October 9, 2025, the trial court held the best-interest hearing. The court indicated it considered the best-interest report and the evidence admitted at the fitness hearing.

¶ 11          The guardian *ad litem* proffered that in his conversation with K.A. about her wishes, K.A. "made it very abundantly clear that [her] foster parent was her desired choice" to continue living with and raising her. No other testimony was presented.

¶ 12          Following argument, the trial court stated it considered the evidence presented and the statutory best-interest factors set forth in section 1-3 (4.05) of the Juvenile Court Act (705 ILCS 405 4/1-3 (4.05) (West 2024)). The court noted the minor's strong attachment and ties to her community; the security of her foster home; her desire to be adopted by her foster mother, who she considered to be her mother; and her need for permanency. The court found the State proved by a preponderance of the evidence that it was in the minor's best interest to terminate respondent's parental rights.

¶ 13          This appeal followed.

¶ 14                                  II. ANALYSIS

¶ 15          On appeal, respondent argues the trial court's determination of unfitness based on his repeated incarceration (see 750 ILCS 50/1(D)(s) (West 2024)) was against the manifest weight of the evidence. We note, respondent expressly "does not challenge the [trial] court's

finding that he was unfit under section 1(D)(i) of the Adoption Act based on depravity" (see *id.* § 1(D)(i)). Specifically, in his brief, respondent "acknowledges that his conviction for predatory criminal sexual assault of a child gives rise to a statutory presumption of depravity and that the [trial] court's finding under that subsection was supported by the record." Respondent also does not challenge the court's best-interest finding.

¶ 16      The involuntary termination of parental rights occurs through a two-stage process as set forth under the Juvenile Court Act. 705 ILCS 405/2-29(2) (West 2024). At the first stage, the State must prove by clear and convincing evidence the parent is unfit under one or more grounds as defined by section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2024)). *In re J.H.*, 2020 IL App (4th) 200150, ¶ 67. If the State proves unfitness, the matter then proceeds to the second stage, where the State must prove by a preponderance of the evidence that termination of parental rights is in the child's best interest. *In re M.I.*, 2016 IL 120232, ¶ 20; *In re D.T.*, 212 Ill. 2d 347, 366 (2004). A trial court's finding of unfitness will not be reversed on appeal unless it is against the manifest weight of the evidence. *J.H.*, 2020 IL App (4th) 200150, ¶ 68.

¶ 17      At the unfitness stage, "sufficient evidence of one statutory ground *** [is] enough to support a [court's] finding that someone [is] an unfit person." (Internal quotation marks omitted.) *In re F.P.*, 2014 IL App (4th) 140360, ¶ 83; see *In re D.C.*, 209 Ill. 2d 287, 296 (2004) ("A parent's rights may be terminated if a single alleged ground for unfitness is supported by clear and convincing evidence.").

¶ 18      Here, respondent "does not challenge the [trial] court's finding that he was unfit under section 1(D)(i) of the Adoption Act based on depravity." Respondent acknowledges the court's depravity finding was "supported by the record." Indeed, our review of the record shows the depravity finding was well-supported by the evidence. As such, we accept respondent's

concession. Because respondent concedes sufficient evidence of one statutory ground exists, we need not consider the challenge to the additional statutory ground raised on appeal. See *In re J.W.*, 2024 IL App (1st) 231918, ¶ 20 ("[A]ny one ground, if properly proven, is sufficient to support a finding of parental unfitness."). Accordingly, we affirm the court's finding of unfitness.

¶ 19                              III. CONCLUSION

¶ 20          For the reasons stated, we affirm the trial court's judgment.

¶ 21          Affirmed.